## YOUNG v. MUMMA.

Where in an action on two promissory notes, the defendant answered under oath, denying generally the allegations of the petition; and where the de-fendant subsequently filed a supplemental answer, under oath, denying the execution of the notes, and averring that W. Y., the assignor of the plain-tiff, by fraud and misrepresentation, induced the defendant to execute to said W. Y. two receipts, which had been changed and added to since they were signed, until they read as set forth in the plaintiff's petition, setting out the circumstances under which the receipts were executed, which an-swer called for a replication under oath; and where a replication not under oath was filed, which, on motion, was stricken from the files, and the cause was tried on the petition, answer, and supplemental answer; and where on the trial, the plaintiff withdrew one of the notes, and the signature to the other was admitted by defendant, and the same was read to the jury; and where, there being no other evidence than the note, before the jury, the jury found a verdict for the plaintiff, which verdict the court refused to set aside.

Held, 1. That the issue to be tried was on the first answer of the defendant.

2. That the supplemental answer, not being replied to, was to be taken as true, and so far as the facts therein alleged were applicable to the issue joined between the parties, they could not be contradicted on the trial.

3. That the verdict of the jury was against the evidence, and the court should' have granted the motion to set aside the verdict, and ordered a new trial.

Young v. Mumma.

*Appeal from the Polk District Court.*

Suit on two promissory notes for $357.50 each, dated December 31st, 1852, and payable with interest, one and two years after date, purporting to have been made by defendant to one William Young, and assigned to plaintiff, January 3d, 1856. The answer of defendant is a general denial of the plaintiff's petition, under oath, on which issue was joined. There was afterwards filed a supplemental answer of defendant, under oath, denying the execution of the notes, and averring that said William Young, the assignor of plaintiff, by fraud and misrepresentation, induced defendant to execute to said Young, two certain receipts in writing, which have been changed and added to since defendant's signature was written thereto, until they read as set forth in plaintiff's petition. The answer alleges affirmatively, the circumstances under which the said receipts were given, and charges that they have been fraudulently altered into the promissory notes declared on, which are alleged to be without consideration and void. The supplemental answer requires the replication of plaintiff thereto, to be made under oath. A replication was filed, but not being under oath, as required by defendant's answer, the same was stricken from the files, on motion of defendant; and the cause was tried on the petition and answer, and supplemental answer, there being no replication to the supplemental answer. One of the notes was withdrawn by plaintiff, by leave of court, before the case was submitted to the jury, and the signature to the other was admitted by defendant, and the same was read to the jury. No other evidence was offered on either side. The jury found a verdict for the plaintiff for $427.21. The defendant moved the court to arrest the judgment, and grant a new trial, which was overruled by the court, and judgment rendered for the plaintiff, from which defendant appeals.

*Brown & Elwood*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The first answer of defendant denies the execution of the promissory notes sued on; that defendant ever authorized any one to execute them for him; that they have been assigned to plaintiff; and denies generally being in any manner indebted to plaintiff. On this answer, there was issue joined by plaintiff; the defendant afterwards filed an amended or supplemental answer, not waiving his first answer, in which he alleges affirmative facts as a defence to plaintiff's action, and the same being sworn to, he requires the plaintiff to reply thereto under oath, as allowed by section 1744 of the Code. The replication filed by plaintiff to this supplemental answer, was stricken from the files by order of the court, the same not being under oath as required; and the parties went to trial, with the supplemental answer of defendant, not replied to. So far as the facts therein alleged were applicable to the issue joined between the parties, they could not be contradicted on the trial. Code, § 1742. Taking the supplemental answer, and the facts therein set forth, as true, there can be no question but that they constituted a good defence to the plaintiff's action. The verdict of the jury was, therefore, against the evidence, and the court should have granted the motion of defendant to set the same aside, and order a new trial.

Judgment reversed.